Mark Holscher (SBN 139582)
mark.holscher@kirkland.com
Sierra Elizabeth (SBN 268133)
sierra.elizabeth@kirkland.com
Kirkland & Ellis LLP
333 South Hope Street, Suite 2900
Los Angeles, California  90071
Telephone:  (213) 680-8400
Facsimile:   (213) 680-8500

*Attorneys for Plaintiff G.E.T. Enterprises, LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| G.E.T. ENTERPRISES, LLC., a Delaware Limited Liability Company<br><br>Plaintiff,<br><br>v.<br><br>RICHARD VANDER KAAY & ASSOCIATES, INC., a California Corporation<br><br>Defendant. | Case No. 8:18-CV-0045-CJC (DFMx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>The Hon. Cormac J. Carney<br><br>Action Filed:     January 12, 2018<br>Trial Date:        None Set |
| RICHARD VANDER KAAY & ASSOCIATES, INC., a California Corporation,<br><br>Counter-Claimant.<br><br>v.<br><br>G.E.T. ENTERPRISES, LLC, a Delaware Limited Liability Company,<br><br>Counter-Defendant, | |

**STIPULATED PROTECTIVE ORDER**

Plaintiffs and Defendant having consented thereto, and for good cause shown, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the documents and other information, including the substance and content thereof, designated by any party as confidential and proprietary, and produced by that party in response to any formal or informal request for discovery in the above-captioned matter, shall be subject to the terms of this Protective Order ("Protective Order" or "Order"), as set forth below:

The purpose of this Order is to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality and privilege, and protect material to be kept confidential or privileged, pursuant to the Court's inherent authority, its authority under Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502(d), and the judicial opinions interpreting such Rules.

## I.   CONFIDENTIALITY.

1. *Information*. "Information" includes the contents of documents and other data, any data and information associated with documents (whether physical or in electronic format), oral and written testimony, answers to interrogatories, admissions, and data and information derived from objects other than documents, produced or disclosed in these proceedings by any party to the above-captioned litigation or by any third party (the "Producing Party") to any other party or parties, subject to the provisions in Paragraphs 5 and 6 of this Order (the "Receiving Party").

2. *Confidentiality Designations*. This Order covers Information that the Producing Party designates "Confidential" or "Highly Confidential." Information may be designated as Confidential when (i) the Producing Party reasonably believes that the Information constitutes, reflects, discloses or contains Information subject to protection under Federal Rule of Civil Procedure 26(c) or other confidential, non-public information, or (ii) the Producing Party reasonably believes that the documents or information includes material protected by federal, state, or foreign data protection laws or other privacy obligations, including (but not limited to)

consumer (other than Plaintiffs) and third-party names and other identifying or
sensitive personal information, such as Social Security Numbers; driver's license
or other identification numbers; personal financial information such as tax
information, bank account numbers, and credit card numbers; or the personal email
addresses or other contact information of Plaintiffs and Defendants, any subsidiary,
parent or affiliated corporation, present or former officer, director, agent,
employee, successor, predecessor, attorney, accountant, representative, or other
person acting or purporting to act on their behalves ("Personal Information").
Information may be designated as Highly Confidential when: (i) the Producing
Party reasonably believes that the documents or information contain competitively
sensitive information regarding future product designs or strategies, commercial or
financial information, or other sensitive information, the disclosure of which to
third party competitors may result in commercial harm; or (ii) the Producing Party
reasonably believes that the documents or information includes Personal
Information. Subject to provisions of Paragraph 3(b), the parties shall make
Confidential and Highly Confidential designations in good faith to ensure that only
those documents that merit Confidential or Highly Confidential treatments are so
designated. By entering into this stipulation, the parties do not waive their rights to
demand additional confidentiality protections for certain highly confidential,
commercially sensitive information.

3. *Procedure for Confidentiality Designations*.

    (i)    *Designation*. To designate Information as Confidential or Highly
Confidential, a Producing Party must mark it or identify it on the record
as such. Either designation may be withdrawn by the Producing Party.

    (ii)    *Bulk Designation*. To expedite production of potentially voluminous
materials a Producing Party may, but is not required to, produce materials
without a detailed confidentiality review, subject to the "clawback"
procedures in Paragraphs 3(f) and 9 of this Order or as otherwise agreed

**STIPULATED PROTECTIVE ORDER**

1    to. In so doing, the Producing Party may designate those collections of

2    documents that by their nature contain "Confidential" or "Highly

3    Confidential" Information with the appropriate designation

4    notwithstanding that some of the documents within the collection may

5    not qualify for such designation. The materials that may be so designated

6    shall be limited to the types or categories of documents that the

7    Producing Party reasonably believes may contain Confidential or Highly

8    Confidential Information, as defined in Paragraph 2 of this Order.

9    Notwithstanding the foregoing, a Receiving Party may at any time

10   challenge the designation of one or more particular documents as

11   Confidential or Highly Confidential on the ground that it does not or they

12   do not qualify for such protection. If the Producing Party agrees, it must

13   promptly notify all Receiving Parties that it is withdrawing or changing

14   the designation.

15   (iii)  *Marking*. All or any part of a document, tangible object, discovery

16          response, or pleading disclosed, produced, or filed by a Producing Party

17          may be designated Confidential or Highly Confidential by marking the

18          appropriate legend ("CONFIDENTIAL" or "HIGHLY

19          CONFIDENTIAL") on the face of the document and each page so

20          designated. With respect to tangible items or electronically stored

21          Information produced in native format, the appropriate legend shall be

22          marked on the face of the tangible item or media containing

23          electronically stored Information, if practicable, or by written notice to

24          the Receiving Party at the time of disclosure, production or filing that

25          such tangible item or media is Confidential or Highly Confidential or

26          contains such Information.

27   (iv)   *Redaction*. Any Producing Party may redact from the documents and

28          things it produces any matter that the Producing Party claims is subject to

-3-

1    attorney-client privilege, work-product protection, a legal prohibition

2    against disclosure, or any other privilege or immunity. The redaction

3    shall be visible, and the Producing Party shall mark each thing where

4    matter has been redacted with a legend stating "PRIVILEGED," or a

5    comparable notice. Where a document consists of more than one page,

6    each page on which Information has been redacted shall be so marked.

7    The Producing Party shall preserve an unredacted version of each such

8    document. The process for challenging the designation of redactions shall

9    be the same as the process for challenging the designation of Confidential

10   Material and Highly Confidential Material set forth in Paragraph 4.

11   (v)   *Timing*. Subject to the provisions of Paragraphs 3(f) and 9, documents

12         and other objects must be designated as Confidential or Highly

13         Confidential before disclosure. Any party or non-party may designate

14         depositions and other testimony as Confidential or Highly Confidential

15         by (i) indicating on the record at the time the testimony is given that the

16         entire testimony or portions thereof shall be designated as Confidential or

17         Highly Confidential or (ii) by captioned, written notice to the reporter

18         and all counsel of record, given within thirty (30) days after receipt of the

19         final transcript, in which case all counsel receiving such notice shall be

20         responsible for marking the copies of the designated transcript or portion

21         thereof in their possession or control as directed by the Producing Party.

22         Deposition testimony shall be treated as Confidential pending the thirty

23         (30) day deadline.

24   (vi)  *Errors*. Disclosure of Confidential or Highly Confidential Information

25         does not waive the confidential status of such Information. In the event

26         that Confidential or Highly Confidential Information is disclosed without

27         a marking or designation of it as such, the Producing Party may thereafter

28         assert a claim or designation of confidentiality, and promptly provide

-4-

**STIPULATED PROTECTIVE ORDER**

1           replacement media. Thereafter, the Receiving Party must immediately

2           return the original Confidential or Highly Confidential Information and

3           all copies of the same to the Producing Party and make no use of such

4           Information.

5   4. *Challenges to Confidentiality Designations*. Any party may object to the propriety

6      of the designation of specific material as Confidential or Highly Confidential by

7      serving a written objection upon the Producing Party's counsel that sets forth, at a

8      minimum, specific identification of the designated material objected to as well as

9      the reason(s) for the objection. The Producing Party or its counsel shall thereafter,

10     within fourteen (14) calendar days, respond to such objection in writing by either:

11     (i) agreeing to remove the designation; or (ii) stating the reasons for such

12     designation. Counsel may agree to a reasonable extension of the fourteen-day

13     period, if necessary. If the objecting party and the Producing Party are

14     subsequently unable to agree upon the terms and conditions of disclosure for the

15     material(s) in issue, the objecting party may move the Court for an order

16     withdrawing the designation as to the specific designation on which the Parties

17     could not agree. On such a motion, the Producing Party shall have the burden of

18     proving that "good cause" exists for the designation at issue and that the material is

19     entitled to protection as Confidential or Highly Confidential Information under

20     applicable law. In the event a motion is filed by the objecting party, the

21     Information at issue shall continue to be treated in the manner as designated by the

22     Producing Party until the Court orders otherwise. A Receiving Party does not

23     waive its right to challenge a Confidential or Highly Confidential designation by

24     electing not to raise a challenge promptly after the original designation is disclosed

25     and may challenge a designation at such time as the Receiving Party deems

26     appropriate.

27   5. *Access to Confidential Information*. The Receiving Party may share Confidential

28      Information with only the following persons and entities related to the above-

**STIPULATED PROTECTIVE ORDER**

captioned case:

    (i)      The Court and its staff;

    (ii)     Parties to the action;

    (iii)    Parties' counsel;

    (iv)    Court reporters (including audio and video), interpreters, translators, copy services, graphic support services, document imaging services, and database or coding services retained by counsel;

    (v)     Special masters;

    (vi)    Mediators;

    (vii)   The direct staff of those identified above;

    (viii)  Deponents and trial witnesses during a deposition or trial who have a reasonable need to see the Confidential Information in order to provide testimony, provided such witness executes a certification in the form attached hereto as Appendix A;

    (ix)    Any expert or consultant, and his, her or its staff, hired by a party for litigation purposes who agrees to be bound by this Order and signs the certificate attached hereto as Appendix A; and

    (x)     Any other person to whom the Producing Party, in writing, authorizes disclosure.

6. *Access to Highly Confidential Information*. The Receiving Party may share Highly Confidential Information with only the following persons and entities related to the above-captioned case:

    (i)      The Court and its staff;

    (ii)     Court reporters (including audio and video), interpreters, translators, copy services, graphic support services, document imaging services, and database or coding services retained by counsel;

    (iii)    Mediators and their staff, provided that such persons execute a certification attached hereto as Appendix A;

-6-

1      (iv)    A witness during a hearing, a deposition, or preparation for a deposition

2              who is a current employee of the Party that produced the applicable

3              document(s) or who appears, based upon the document itself or

4              testimony in a deposition, to have specific knowledge of the contents of

5              the documents designated "HIGHLY CONFIDENTIAL," provided such

6              witness executes a certification in the form attached hereto as Appendix

7              A;

8      (v)    Outside experts, consultants, or other agents retained by a party for

9              litigation purposes, provided such expert, consultant, or agent executes a

10             certification in the form attached hereto as Appendix A; and

11      (vi)    Any other person to whom the Producing Party, in writing, authorizes

12             disclosure.

13   7. *Use of Confidential and Highly Confidential Information.*

14      (i)    *Restricted to This Proceeding.* Confidential Information and Highly

15             Confidential Information must be used only in this proceeding and any

16             appeal therefrom and cannot be used for any other purpose including, but

17             not limited to, any other litigation, arbitration, or claim.

18      (ii)    *Acknowledgement.* Subject to the restrictions contained in Paragraphs 5

19             and 6, the persons identified in Paragraphs 5 and 6 may receive or review

20             Confidential or Highly Confidential Information. All persons specifically

21             designated in Paragraphs 5 and 6 must execute the certificate attached

22             hereto as Appendix A or affirm on the record that he or she will not

23             disclose Confidential or Highly Confidential Information revealed during

24             a deposition and will keep the transcript confidential.

25      (iii)    *Filings.* All parties shall make reasonable efforts to avoid requesting the

26             filing of Confidential or Highly Confidential Information under seal by,

27             for example, redacting or otherwise excluding from a submission to the

28             Court any such Information not directly pertinent to the submission. Any

**STIPULATED PROTECTIVE ORDER**

pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation which contain, reflect, incorporate or refer material designated as "Confidential" or "Highly Confidential" shall be submitted for filing and maintenance under seal in accordance with the provisions of Local Rule 79-5, unless the Parties agree that such materials need not be sealed. The party seeking to file the unredacted "Confidential" or "Highly Confidential" material shall submit an application, along with a proposed order, seeking a Court order permitting the designated Discovery Material to be filed under seal in accordance with the foregoing provisions.

(iv)  *Hearings*. In the event that a Receiving Party intends to utilize Confidential or Highly Confidential Information during a pre-trial hearing, such Receiving Party shall provide written notice no less than five days prior to the hearing, to the Producing Party and to the Court, except that shorter notice may be provided if the Receiving Party could not reasonably anticipate the need to use the document at the hearing five days in advance, in which event notice shall be given immediately upon identification of that need. The use of such Confidential or Highly Confidential Information during the pre-trial hearing shall be determined by agreement of the parties or by order of the Court.

(v)  *Trial*. The use of Confidential or Highly Confidential Information during the trial shall be determined by order of the Court.

(vi)  *Subpoena by Other Courts or Agencies*. If another court or an administrative agency subpoenas or otherwise orders production of Confidential or Highly Confidential Information that any Party or other person has obtained under the terms of this Order, the Party or other person to whom the subpoena or other process is directed must notify the Producing Party in writing within five (5) days of all of the following: (a)

-8-

the discovery materials that are requested for production in the subpoena;
(b) the date by which compliance with the subpoena is requested; (c) the
location at which compliance with the subpoena is requested; (d) the
identity of the party serving the subpoena; and (e) the case name,
jurisdiction and index, docket, complaint, charge, civil action or other
identification number or other designation identifying the litigation,
administrative proceeding or other proceeding in which the subpoena or
other process has been issued. Confidential or Highly Confidential
Information shall not be produced prior to the receipt of written notice by
the Producing Party and after a reasonable opportunity to object has been
offered. Further, the party or person receiving the subpoena or other
process will cooperate with the Producing Party in any proceeding related
thereto. The Producing Party will bear the burden and all costs of
opposing the subpoena on grounds of confidentiality.

8. *Return of Discovery Materials*. Within ninety days of the termination of any party
from all proceedings in this action, that party, its employees, attorneys, consultants
and experts must destroy or return (at the election of the Receiving Party) all
originals and/or copies of documents with Confidential Information or Highly
Confidential Information, provided however, that the obligation to destroy or
return such documents that is imposed on counsel, consultants and experts
representing multiple parties shall not occur until the last of their represented
parties has been terminated from this action. At the written request of the
Producing Party, any person or entity having custody or control of recordings,
notes, memoranda, summaries or other written materials, and all copies thereof,
related to or containing discovery materials produced by the Producing Party (the
"Discovery Materials") shall deliver to the Producing Party an affidavit certifying
that reasonable efforts have been made to assure that all Discovery Materials have
been destroyed or delivered to the Producing Party in accordance with the terms of

**STIPULATED PROTECTIVE ORDER**

| | |
|---|---|
| 1 | this Protective Order. Notwithstanding the foregoing, counsel for each party may |
| 2 | retain court-filed documents and attorney work product materials that refer to or |
| 3 | incorporate Confidential Information, and will continue to be bound by this Order |
| 4 | with respect to all such retained information. A Receiving Party is permitted to |
| 5 | retain a list of the documents by Bates Number that are produced by a Producing |
| 6 | Party under this Protective Order. |
| 7 | **II.    PRIVILEGES.** |
| 8 | 9. *No Waiver by Disclosure*. |
| 9 | (i)    This Order is entered, inter alia, pursuant to Rule 502(d) of the Federal |
| 10 | Rules of Evidence. If a Producing Party inadvertently discloses |
| 11 | information in connection with the pending litigation that the Producing |
| 12 | Party thereafter claims to be privileged or protected by the attorney-client |
| 13 | privilege or attorney work product protection ("Disclosed Protected |
| 14 | Information"), the disclosure of the Disclosed Protected Information shall |
| 15 | not constitute or be deemed a waiver or forfeiture of any claim of |
| 16 | privilege or work product protection that the Producing Party would |
| 17 | otherwise be entitled to assert with respect to the Disclosed Protected |
| 18 | Information and its subject matter in this proceeding or in any other |
| 19 | federal or state proceeding. |
| 20 | (ii)   A Producing Party may assert attorney-client privilege or work product |
| 21 | protection with respect to Disclosed Protected Information by notifying |
| 22 | the Receiving Party in writing. The Receiving Party must return or |
| 23 | destroy all copies of the Disclosed Protected Information, and provide a |
| 24 | certification of counsel that all of the Disclosed Protected Information |
| 25 | has been returned or destroyed within three (3) days of receipt of the |
| 26 | Producing Party's written notice. Within five (5) business days of receipt |
| 27 | of the notification that the Disclosed Protected Information has been |
| 28 | returned or destroyed, the Producing Party must produce a privilege log |

**STIPULATED PROTECTIVE ORDER**

with respect to the Disclosed Protected Information.

(iii)    If the Receiving Party contests the claim of attorney-client privilege or work product protection, it may challenge the Producing Party's claim(s) of privilege or work-product by making a motion to the Court.

(iv)    Disclosed Protected Information that is sought to be reclaimed by the parties to this case pursuant to this Order shall not be used as grounds by any third party to argue that any waiver of privilege or protection has occurred by virtue of any production in this case.

(v)    The Producing Party retains the burden of establishing the privileged or protected nature of the Disclosed Protected Information. Nothing in this paragraph shall limit the right of any party to petition the Court for an in camera review of the Disclosed Protected Information.

10. *Receiving Party's Obligation.* Nothing in this Order shall relieve counsel for any Receiving Party of any existing duty or obligation, whether established by case law, rule of court, regulation or other source, to return, and not to review, any privileged or work product materials without being requested by the Producing Party to do so. Rather, in the event a Receiving Party becomes aware that it is in possession of what appears to be privileged documents or materials, then counsel for the Receiving Party shall immediately: (i) cease any further review or use of that document or material and (ii) notify the Producing Party of the apparent production of Disclosed Protected Information, requesting whether the documents or materials are Disclosed Protected Information. In the event the Producing Party confirms the documents or material are Disclosed Protected Information, the Receiving Party shall (i) promptly return or destroy all copies of the Disclosed Protected Information in its possession and (ii) take reasonable steps to retrieve all copies of the Disclosed Protected Information distributed to other counsel or non-parties.

**STIPULATED PROTECTIVE ORDER**

## III.  MISCELLANEOUS.

11. *Violations of the Protective Order by a Receiving Party*. In the event of disclosure of Discovery Material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL to any person not authorized to such access under this Protective Order, the party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately inform counsel for the party whose Discovery Material has been disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The party responsible for improperly disclosing such Discovery Material shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made. In the event that any person or party otherwise violates the terms of this Protective Order, the aggrieved Producing Party should apply to the Court to obtain relief against any such person or party violating or threatening to violate any of the terms of this Protective Order. In the event that the aggrieved Producing Party seeks injunctive relief, it must direct the petition for such relief to this Court. The parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order.

12. *Violations of the Protective Order by Disclosure of Personal Information*. In the event that any person or party violates the terms of this Protective Order by disclosing Confidential Personal Information or Highly Confidential Information relating to an individual third party, as defined in Paragraph 2 of this Order, or in the event that any person or party breaches the terms of the Protective Order in a manner that requires disclosure to a third party under pertinent privacy laws or otherwise, it shall be the responsibility of the breaching party to inform the Producing Party of such breach and to contact that third party and to comply with any laws or regulations involving breaches of Personal Information.

**STIPULATED PROTECTIVE ORDER**

1   13. *Protective Order Remains In Force*. This Protective Order shall remain in force

2       and effect until modified, superseded, or terminated by order of the Court made

3       upon reasonable written notice. Unless otherwise ordered, or agreed upon by the

4       parties, this Protective Order shall survive the termination of this action. The Court

5       retains jurisdiction even after termination of this action to enforce this Protective

6       Order and to make such amendments, modifications, deletions and additions to this

7       Protective Order as the Court may from time to time deem appropriate.

8

9

10

11

12  SO ORDERED, this 14th day of March 2018.

13

14  _____
    THE HONORABLE DOUGLAS F.
15  MCCORMICK FOR THE CENTRAL
    DISTRICT OF CALIFORNIA

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATED PROTECTIVE ORDER**

| | |
|---|---|
| 1 | DATED: March 12, 2018 |

DATED: March 12, 2018        Respectfully submitted,

KIRKLAND & ELLIS LLP

By: */s/ Mark Holscher*

Mark Holscher (SBN 139582)
mark.holscher@kirkland.com
Sierra Elizabeth (SBN 268133)
sierra.elizabeth@kirkland.com
333 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

DATED: March 12, 2018        THEODORA ORINGHER PC

By:  /s/ *Antony Buchignani*
     Antony Buchignani, Esq. (SBN 186528)
     tbuchignani@tocounsel.com
     Jon-Jamison Hill, Esq. (SBN 203959)
     jhill@tocounsel.com
     Katherine J. Flores, Esq. (SBN 311224)
     kflores@tocounsel.com
     1840 Century Park East, Suite 500
     Los Angeles, California 90067-2120
     Telephone: (310) 557-2009
     Facsimile: (310) 551-0283

<u>Local Rule 5-4.3.4 Attestation</u>

I attest that Defendant's counsel, Antony Buchignani, concurs in this filing's content and has authorized the filing.

DATED: March 12, 2018        By: */s/ Mark Holscher*
                             Mark Holscher (SBN 139582)

**STIPULATED PROTECTIVE ORDER**

1

2

3

4

5

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

| G.E.T. ENTERPRISES, LLC., a Delaware Limited Liability Company | Case No. 8:18-CV-0045-CJC (DFMx) |
|---|---|
| Plaintiff, | **APPENDIX A TO JOINT PROTECTIVE ORDER** |
| v. | The Hon. Cormac J. Carney |
| RICHARD VANDER KAAY & ASSOCIATES, INC., a California Corporation | Action Filed:  January 12, 2018<br>Trial Date:  None Set |
| Defendant. | |
| RICHARD VANDER KAAY & ASSOCIATES, INC., a California Corporation, | |
| Counter-Claimant. | |
| v. | |
| G.E.T. ENTERPRISES, LLC, a Delaware Limited Liability Company, | |
| Counter-Defendant, | |

22

23

24

25

26

27

28

    I hereby certify that I have read the Joint Stipulated Protective Order (the "Order") entered in the above-captioned action and that I understand the terms thereof. I agree to be bound by the Order. If I receive documents or information designated as Confidential or Highly Confidential, as those terms are defined in the Order, I understand that such information is provided to me pursuant to the terms and restrictions of the Order. I agree to hold in confidence and not further disclose or use

**STIPULATED PROTECTIVE ORDER**

for any purpose, other than as permitted by the Order, any information disclosed to me pursuant to the terms of the Order. I further agree to submit to the jurisdiction of this Court for purposes of enforcing the Order and agree to accept service of process in connection with this action or any proceedings related to enforcement of the Order by certified letter, return receipt requested, at my principal residence, in lieu of personal service or other methods of service.

I understand that these certifications are strictly confidential, that counsel for each party are maintaining the certifications without giving copies to the other side, and that the parties expressly agreed and the Court ordered that except in the event of a violation of this Order, the parties will make no attempt to seek copies of the certifications or to determine the identities of persons signing them. I further understand that if the Court should find that any disclosure is necessary to investigate a violation of this Order, the disclosure will be limited to outside counsel only, and outside counsel shall not disclose any information to their clients that could tend to identify any certification signatory unless and until there is specific evidence that a particular signatory may have violated the Order, in which case limited disclosure may be made with respect to that signatory.

_____

(signature)

_____

(print name)

Sworn to and subscribed before me this ____ day of

_____, 201_.

_____

Notary Public

-16-

**STIPULATED PROTECTIVE ORDER**